**ELSINORE CHRISTIAN CENTER, a California Nonprofit Corporation; et al., Plaintiffs—Appellants,**

**United States of America, Intervenor— Appellant,**

**v.** .

**CITY OF LAKE ELSINORE, a Municipal corporation of the State of California; et al., Defendants—Appellees.**

No. 04–55320.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 17, 2005.

Filed Aug. 22, 2006.

Anthony R. Picarello, Esq., The Becket Fund for Religious Liberty, Washington,

DC, Robert H. Tyler, Esq., Advocates for Faith and Freedom, Temecula, CA, Timothy Chandler, Alliance Defense Fund, Folsom, CA, for Plaintiffs–Appellants.

Lowell V. Sturgill, Jr., Esq., U.S. Department of Justice Civil Division/Appellate Staff, Washington, DC, for Intervenor–Appellant.

Paul F. Donsbach, Esq., Edwin J. Richards, Kutak, Rock, LLP, Irvine, CA, David H. Mann, Esq., Van Blarcom, Lebold, McClendon & Mann, Laguna Hills, CA, for Defendants–Appellees.

Before: D.W. NELSON, RAWLINSON, and BEA, Circuit Judges.

**MEMORANDUM ***

Plaintiffs Elsinore Christian Center and Gary Holmes (collectively the "Church") brought suit against the City of Lake Elsinore and other defendants (collectively the "City"), alleging various violations of the Religious Land Use and Institutionalized Persons Act ("RLUIPA") and of state and federal constitutional law when the City denied the Church a conditional use permit to use a parcel of property and an existing building on such property for religious purposes. The district court decided that the City had violated RLUIPA, but that RLUIPA was unconstitutional. The district court decided that an interlocutory appeal was warranted on the question of RLUIPA's constitutionality, and this court agreed to hear the case on interlocutory appeal. We reverse the decision of the district court.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

The district court decided, and the City does not contest on appeal, that the decision by the City to deny the Church's CUP means that the City violated RLUIPA. The City's argument that RLUIPA is unconstitutional was rejected by *Guru Nanak Sikh Society of Yuba City v. County of Sutter,* 456 F.3d 978, 981 (9th Cir.2006).

**REVERSED AND REMANDED.**